**Supreme Court**
No. 2012-289-M.P.
(Dissent begins on Page 5)

Carlos Tobon                                 :

v.                                           :

Rhode Island Board of Elections et al.       :

**O R D E R**

This case came before the duty justice on October 3, 2012, pursuant to a petition for a writ of certiorari and an emergency motion for expedited consideration. The petitioner, Carlos Tobon (petitioner), requests this Court to order a manual recount of all precinct, mail, and provisional ballots cast in the House District 58 Democratic Primary Election (election) and an audit of all mail and provisional ballots cast in the election to determine the qualification of each voter submitting those ballots.

The full Court in conference considered the petition for writ of certiorari and the memoranda submitted in opposition thereto by the respondents Rhode Island Board of Elections (board) and Representative William San Bento, Jr. (Rep. San Bento) (collectively, respondents), as well as the transcript of the hearing before the board. A majority of the justices have determined that the petition be denied.

The election took place on Tuesday, September 11, 2012. The vote tally at the end of that day showed Rep. San Bento was leading by three votes, 543 to 540. The petitioner requested a recount, which was conducted by optical scan voting equipment, in accordance with G.L. 1956 § 17-19-37.1, on September 17, 2012. This first recount

produced a tie between petitioner and Rep. San Bento, causing the board to perform two more recounts, in like manner, the results of which can be found in the following chart:

|  | Election Day | 1st Recount | 2nd Recount | 3rd Recount |
|---|---|---|---|---|
| San Bento | 543 | 543 | 545 | 544 |
| Tobon | 540 | 543 | 543 | 543 |
| Total | 1083 | 1086 | 1088 | 1087 |

As is apparent from the above chart, none of the four vote tallies was the same.

The petitioner then requested a manual recount of all ballots cast in the election. The board held a hearing on that request on September 19, 2012. At the end of that hearing, the board voted to deny the request for a manual recount. The record of that proceeding was provided to petitioner on September 27, 2012, and this petition for writ of certiorari was filed on October 1, 2012.

At the outset, we address an issue of timeliness. The respondents urge us to deny the writ based on petitioner's purported delay in filing his petition. The respondents assert that petitioner waited until October 1, 2012—twelve days after the board voted to deny petitioner's request for a manual recount—before he filed this petition. However, it is undisputed that the transcript reflecting the decision of the board was not available to petitioner until September 27, 2012. Because the board failed to issue a written order or decree denying petitioner's request for a manual recount, the transcript of the proceedings before the board represented the functional equivalent of a final decree from which relief in this Court may be sought. We therefore are satisfied that the petition is not untimely, nor did petitioner delay any filing in this Court.

The petitioner raises several issues in his petition, including a challenge to certain mail ballots cast in the election. He contends that the mail ballot of a registered Republican was improperly counted and that the mail ballot of another voter was improperly voided. However, G.L. 1956 § 17-20-26(a)(1)(ii) provides that mail ballots are certified by the board "[b]eginning fourteen (14) days prior to and continuing on election day." All candidates are to be given notice of the day on which the mail ballots for those candidates' districts will be certified, § 17-20-26(a)(2), and an opportunity "to witness the processing and certification of the ballots," § 17-20-26(b). "If upon completion of the certification of a mail ballot no objection has been raised against the certification of the ballot, the outer envelope shall be discarded[,]" § 17-20-26(d), and the board will count that mail ballot on election day, § 17-20-26(f).

An objection to the approval or exclusion of any mail ballot must be raised at the time the ballot is certified. Because this did not occur, this issue is not properly before this Court.[1]

Turning to the crux of the relief sought by petitioner–the manual recount of all ballots cast in the election—it is the decision of a majority of this Court that § 17-19-37.1 precludes us from ordering a manual recount. That statute sets forth the requirements and procedures for recounts in elections to public office. In specified circumstances, it provides for "a manual re-feeding of the computer ballots cast * * * into the optical scan voting equipment." Section 17-19-37.1(1). Nowhere does the statute provide for a manual recount conducted other than by re-feeding the ballots into the vote-counting machine. Significantly, while an earlier version of this statute contained a provision that

---

[1] Although the parties initially disputed the count of the provisional ballots, that matter has been resolved to the satisfaction of all parties.

- 3 -

allowed for manual recounts, the most recent iteration of this statute eliminated that provision. See P.L. 2004, ch. 483, § 1; P.L. 2004, ch. 264, § 1; P.L. 1996, ch. 298, § 2; P.L. 1996, ch. 277, § 2. As this Court noted recently, "[i]t is not our role to contort the language of an unambiguous statute in order to include within its reach a situation which it plainly does not encompass." Olamuyiwa v. Zebra Atlantek, Inc., 45 A.3d 527, 536 (R.I. 2012).

The majority's decision is consistent with a previous order decided after § 17-19-37.1 was last amended, in which we directed the board to conduct a recount of all ballots.[2] See Alves v. Board of Elections, No. 2008-236-M.P. (R.I., filed Oct. 2, 2008) (order granting stay); cf. Larisa v. Board of Elections, 911 A.2d 278 (R.I. 2006) (mem.) (declining to stay an order preliminarily enjoining the board "to provide access to Plaintiff * * * to copies of any and all ballots rejected by the Optech computer reader"). The operative language in Alves, No. 2008-236-M.P., stated: "The Board is directed to recount all ballots (including precinct, mail, and provisional) cast * * *. In conducting the recount, the Board shall, whenever possible, determine voter intent with respect to any and all ballots rejected by the machine." (Emphasis in original.) As this language makes clear, while we directed a recount in Alves, we never required a manual recount of all ballots. In fact, the word "manual" does not appear in that order. Our order in Alves contemplated a determination of voter intent, i.e. a manual recount, only with respect to those ballots which were rejected by the machine during the recount.

---

[2] While we do not customarily cite to our unpublished orders, we do so here because the parties relied upon that order in briefs submitted to this Court and on the record before the board without objection.

Here, the petitioner has already requested and received the relief specified in § 17-19-37.1 and in our prior order in <u>Alves</u>: a manual re-feeding of ballots and a manual recount of those ballots rejected by the machine. Any further relief would contradict both the express mandate of the legislature and prior orders of this Court. Accordingly, the petition for writ of certiorari is hereby denied.

**Chief Justice Suttell, along with Justice Goldberg, dissenting.** As Americans, our most fundamental political right is the right to vote. "No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined." <u>Wesberry v. Sanders</u>, 376 U.S. 1, 17 (1964); <u>see</u> <u>also</u> <u>Parella v. Montalbano</u>, 899 A.2d 1226, 1233-34 (R.I. 2006) (App'x A). Our Rhode Island Constitution dictates that "[i]n all elections held by the people for state, city, town, ward or district officers, the person or candidate receiving the largest number of votes cast shall be declared elected." R.I. Const., art. 4, sec. 2. The conduct and integrity of the election process is, therefore, of the utmost public importance.

The petitioner seeks an order from this Court requiring a manual recount of all precinct, mail, and provisional ballots cast in the election. We would grant the request and order such a recount. To be sure, G.L. 1956 § 17-19-37.1(1) provides for a recount only "by a manual re-feeding of the computer ballots cast * * * into the optical scan voting equipment." The General Assembly, however, has defined a "Vote" as "any mark made with the appropriate marking device within the optech ballot voting area between the head and tail of the arrow on the computer ballot next to the party, candidate, write-in

candidate or question, as is applicable, for whom the voter casts his or her ballot." Section 17-19-1(7). Moreover, the statutory framework concerning the conduct of elections requires that "[a]s part of the voting process, there shall be created a physical ballot showing the votes cast by an individual voter which is capable of being hand counted so that electronic recorded device totals can be checked for accuracy." Section 17-19-3(a)(4)(v). As to mail ballots, § 17-20-24 provides in relevant part that "[n]o defect in the marking of the appropriate space associated with casting a vote shall invalidate any ballot or a vote for any candidate, where the intention of the voter is clearly indicated." (Emphasis added.) These provisions anticipate that under certain circumstances, some of the ballots cast in a given election would be read manually, in order to determine the intention of the voter.

In the primary election at issue, the ballots have been counted on four occasions, each resulting in different totals. At the hearing before the board, Robert Rapoza, the director of elections at the board, explained one possible reason for the discrepancy as follows: "These ballots have gone through the machine now numerous times, and there may have been a mark in the pathway that was not picked up on the second reread but was picked up on the fourth reread or vice versa." The pathway, as clarified by Mr. Rapoza, is the "the blank [area] between the head and the tail of the arrow." Further, Mr. Rapoza testified that "one of the provisional ballots could not be read by our reader because it was marked incorrectly by the voter and needed Board determination."

This Court has, in the past, ordered the board to depart from the literal requirements of § 17-19-37.1 by directing the board on two occasions to "whenever possible, determine voter intent with respect to any and all ballots rejected by the

machine." Alves v. Rhode Island Board of Elections, No. 2008-236-M.P. (R.I., filed Oct. 2, 2008) (mem.); Bennett v. Rhode Island Board of Elections, No. 2008-233-M.P. (R.I., filed Oct. 2, 2008) (mem.).

According to the papers filed in this case, respondent board has, in fact, conducted a manual recount of the votes that were rejected by the mechanized reader. According to the board, petitioner "has received a copy of every ballot (both precinct, mail and provisional) that was rejected by the OPTECH reader" and "[e]ach of these rejected ballots was reviewed by the Board Commissioners to determine the voter's intent." Thus, the board has manually counted some, but not all of the ballots cast in this primary election and, as noted, fed the precinct ballots into the mechanized reader numerous times; the votes each time were different, resulting in a one-vote majority for Representative San Bento.

The majority is correct that our orders in Alves and in the case of Bennett, decided the same day, do not include an explicit direction to manually recount the ballots that were rejected by the mechanized reader and that the word "manual" is not contained in those orders; such a distinction, however, is irrelevant. In each case, this Court ordered, in no uncertain terms, that the board—not a mechanized reader—"determine voter intent with respect to any and all ballots rejected by the machine."[3] Furthermore, this Court directed, that "the parties shall be permitted to observe the process whereby the Board determines voter intent." As noted, the real issue in this case is whether or not a manual recount should be ordered with respect to the ballots cast in the precincts.

---

[3] To its credit the board followed this mandate in the case before us.

In our judgment, the present circumstances, where there is but a one vote difference after four machine counts, each resulting in different totals, warrant a manual recount. We would, therefore, order the Board of Elections to hand count all the ballots. Such a recount, we believe, would be consistent with the constitutional requirement that the "candidate receiving the largest number of votes cast shall be declared elected." R.I. Const., art. 4, sec. 2.

Entered as an Order of this Court, this **5**[th] day of **October**, **2012**.

By Order,

_____/s/_____
Clerk



**TITLE OF CASE:**     Carlos Tobon v. Rhode Island Board of Elections et al.

**CASE NO:**     No. 2012-289-M.P.

**COURT:**     Supreme Court

**DATE ORDER FILED:**     October 5, 2012

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     N/A – Court Order

**SOURCE OF APPEAL:**     Rhode Island Board of Elections

**JUDGE FROM LOWER COURT**:

　　　　　N/A

**ATTORNEYS ON APPEAL:**

　　　　　For Petitioner:  Armando E. Batastini, Esq.

　　　　　For Respondent Rhode Island Board of Elections:
　　　　　Raymond A. Marcaccio, Esq.

　　　　　For Respondent William San Bento, Jr.:
　　　　　Jon M. Anderson, Esq.
　　　　　Frederic A. Marzilli, Esq.